LEAR, Judge.
This appeal arises from a matter wherein the purported sale of certain lands and mineral interests situated in Rapides Parish are alleged to be null and void. Plaintiff pleaded fraud, error, failure of consideration, lesion beyond moity, depletion of patrimony, and “ * * * that the plaintiff is passed seventy-nine (79) years of age and is in poor health, and is not now, nor was he as of the date of March 13 and 14, 1963, as sharp in mind and memory as he has been in the past; that the defendant is a nephew of the plaintiff and that he well knew of the plaintiff’s physical and mental condition at the time of the above-mentioned transactions.”
*183 After answer and reconventional demand had been filed, defendant ruled petitioner into court to show cause why the suit should not be dismissed, basing his assertion on an alleged settlement entered into between the parties.
Prior to the trial of this rule, one Cordia O’Neal petitioned the court for the interdiction of the plaintiff, in a proceeding separate from the instant case, and was appointed provisional curator of Louis (Louie) Reeves. Appearing herein as provisional curator, she moved for and obtained an order of court substituting her as party-plaintiff to act in the place and stead of the original petitioner. In her representative capacity, Cordia O’Neal then answered the rule to dismiss and set forth the incompetency of original petitioner, alleging that such incompetency was notorious and was generally known by persons who saw and conversed with petitioner Reeves.
The hearing on the rule to dismiss commenced on October 2, 1964, and after the introduction of some testimony the court, on its own motion, but without objection of counsel, laid the matter over without action because of the pendency of the proceeding to interdict original plaintiff.
Thereafter, the interdiction of Reeves was pronounced and Marguerite Reeves Wenner was appointed curator. Presenting her letters of curatorship in this matter, she was then substituted as party-plaintiff to act in the place and stead of original petitioner.
After the interdiction had been pronounced, but without further action taken in the instant matter, defendant, plaintiff in rule, moved the district court for decision on his rule to dismiss. As a result of this motion, the district court recalled, vacated, and set aside the rule to show cause why the matter should not be dismissed, stating “ * * * this Court does not believe that it should now decide the motion on the basis of the abbreviated evidence now in the record.”
Application was made to this court for writs of certiorari, prohibition and mandamus and such application was denied on January 29, 1968. Thereupon, defendant entered a devolutive appeal.
It is our bounden duty to notice ex-officio appellant’s lack of right to take an appeal from the harmless interlocutory judgment. An appeal can be dismissed at any time because there is no right to appeal. C.C.P. Art. 2162.
For the reasons above assigned, the appeal herein is dismissed.
Dismissed.